UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHRISTINA HANSON, | Case No. 22-cv-01084-LB |
| Plaintiff, | |
| v. | **ORDER SCREENING COMPLAINT WITH LEAVE TO AMEND** |
| UNITED STATES OF AMERICA, et al., | Re: ECF No. 1 |
| Defendants. | |

**INTRODUCTION**

The plaintiff, who represents herself, sued the "NSA/FBI," claiming that Charles Dowling (a federal law-enforcement agent who works for the "NSA" or possibly the FBI in its Oakland field office) (1) said that she is an informant (when she is not) and (2) implanted a "Stargate Remote Viewing Device" in her right eye.[1] She filed an application to proceed in forma pauperis under 28 U.S.C. 1915(d).[2] The court previously granted the application because — even though it lists her gross monthly income as $22,500 — this apparently is a typo or an annual amount because the plaintiff is receiving Social Security disability income.[3] Before directing the United States Marshal

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Appl. – ECF No. 2.

[3] *Id.* at 1.

ORDER – No. 22-cv-01084-LB

to serve the defendants with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The plaintiff has not plausibly pleaded a claim. She may submit an amended complaint by March 30, 2022, if she can cure the deficiencies identified in this order. If she does not, the court may recommend dismissal of the complaint.

**STATEMENT**

In addition to her allegations about the federal agent, the plaintiff submitted evidence about her views and fears (the government is experimenting on her through the "Pfizer vaccination star gate replica" and tried to clone her), recounts her reports of her symptoms (including arms that feel like strings and a high-pitched sound in her cerebral cortex), and reports her medical diagnoses (not schizophrenic and "high functioning bipolar I" with a memory of "26/30 on MOCA").[4]

**STANDARD OF REVIEW**

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. "The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

[4] Suppl. Submissions – ECF Nos. 6–7.

"Frivolousness" under § 1915(e) and failure to state a claim under Rule 12(b)(6) are distinct concepts.

"A complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The definition of frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. When determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the court has "the unusual power to pierce the veil of the complaint's factual allegations," meaning that the court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Frivolous claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* "An in forma pauperis complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. But "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* Frivolous litigation "is not limited to cases in which a legal claim is entirely without merit. . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060–61 (9th Cir. 2007).Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe pro se complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A pro se plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (cleaned up).

## ANALYSIS

The allegations here do not plead a plausible claim. But the plaintiff identified a specific federal agent, and that suggests that something happened. The court thus affords the plaintiff an opportunity to describe exactly what happened to her. The legal rule is that she must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For this case, that suggests that the plaintiff must describe the nature of her interactions with the federal agent and exactly what happened to her.

The plaintiff may amend her complaint by April 11, 2022, to more fully describe what happened and the basis for her claim for relief. Alternatively, the plaintiff may voluntarily dismiss

1  the case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal
2  without prejudice and allow her to pursue her claims later. If the plaintiff does not file an amended
3  complaint by April 11, 2022, the court will reassign the case to a district judge and recommend
4  that the newly assigned judge dismiss the case.

**IT IS SO ORDERED.**

**DATED**: March 7, 2022

LAUREL BEELER
United States Magistrate Judge